UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00315-MR

| CALVIN JEROME WOMIC, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| FNU CORTEZ, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Calvin Jerome Womic, Jr., ("Plaintiff") is a pretrial detainee currently held at Gaston County Jail (the "Jail") in Gastonia, North Carolina. He filed this action on July 1, 2021, pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Cortez, identified as a Deputy at the Gaston County Sheriff's Office ("Sheriff's Office"); Allen Cloninger, identified as the Sheriff of Gaston County; the Sheriff's Office;[1] and "Shady," identified as a

---

[1] Plaintiff incorrectly names the Sheriff's Office as the "Sheriff Department." [Doc. 1 at 3].

dog working for the Sheriff's Office. [Doc. 6 at 2-3]. Plaintiff sues Defendants Cortez and Cloninger in their individual and official capacities and purports to sue Defendants Sheriff's Office and Shady, the dog, in these capacities as well. [Id. at 3]. Plaintiff alleges that on May 10, 2021 between 11:00 a.m. and 12:45 p.m. in B-Block at Gaston County Jail the following occurred.

> I was in a altercation with multiple Jail staff after I was subdued & on the ground without risisting or being agressive. I was hit multiple times in the head & face by multiple officers. While I was on the ground without risisting officer Cortez allowed his dog to attack me on my hip while I was on the ground with my right hand in handcuffs. Cortez repositioned his dog to bit my upper left arm while my right arm still remained in handcuffs. Then Cortez repositioned his dog once again to attack my lower left arm. This happened in front of the whole block. The camera's in the pod seen the whole incident, including every inmate. I had to wait atleast 45 min – 1 hour before medical attention & I passed out multiple times due to blood lost. & They made me change my own bandages without medical helping everyday.

[Doc. 1 at 4-5 (errors uncorrected)]. Plaintiff makes no allegations against Defendant Cloninger or Defendant Sheriff's Office. [See Doc. 1].

Plaintiff claims that this conduct violated his rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment and excessive force. [Id. at 3].

Plaintiff claims that he suffered various physical injuries from the

assault by Defendant Cortez's dog. [Id. at 5]. Plaintiff seeks $1 million from each Defendant for his physical, mental, and emotional pain and suffering. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc.

Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, he has stated a claim against Defendant Cortez under the Fourteenth Amendment based on the use of excessive force.

4

Plaintiff's claim under the Eighth Amendment, however, will be dismissed. The Eighth Amendment does not apply to pre-trial detainees as Plaintiff here. See Kingsley, 576 U.S. at 395-97.

Plaintiff has failed to state a claim against Defendants Cloninger, the Sheriff's Office, and Shady, the dog. Defendant Sheriff's Office is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Furthermore, Defendant Cloninger is named only in his supervisory capacity. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that liability under § 1983 is personal in nature, and the doctrine of respondeat superior does not apply). Finally, animals are not subject to suit under § 1983 or otherwise. The Court will, therefore, dismiss Defendants Cloninger, Sheriff's Office, and Shady on initial review.

Plaintiff has recently filed a letter with the Court with no case caption and no signature. [Doc. 8]. In the letter, Plaintiff claims certain acts of retaliation being perpetrated against him at Gaston County Jail since filing this lawsuit. [Id.]. Plaintiff seeks no relief in the letter. [See id.]. The Court declines to consider this letter and will strike it from the record in this matter. As Plaintiff was expressly directed in the Order of Instructions mailed to him on July 1, 2021, letters to the Clerk of Court or the Judge will not be

answered. [Doc. 3 at ¶ 5]. Furthermore, all documents filed in the case must include the case number at the top of the first page. [Id. at ¶ 4]. Should the Plaintiff seek relief from the Court, he must file a proper motion with the Court. [Id. ("Only motions will be ruled on by the Court.")]. Should Plaintiff file improper documents in this case in the future, they may be summarily dismissed and/or stricken.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint against Defendant Cortez for violation of Plaintiff's Fourteenth Amendment rights based on the use of excessive force survives initial review. Plaintiff's Eighth Amendment claim and Defendants Cloninger, Sheriff's Office, and Shady are dismissed.

## ORDER

**IT IS THEREFORE ORDERED** that Defendants Alan Cloninger, Gaston County Sheriff's Department, and Shady and Plaintiff's claim based on the violation of his rights under the Eighth Amendment are **DISMISSED** on initial review under 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff's letter [Doc. 8] is **STRICKEN** from the record in this matter.

The Clerk of Court is instructed to mail a blank summons to Plaintiff to

6

Case 3:21-cv-00315-MR   Document 9   Filed 09/09/21   Page 6 of 7

fill out and identify Defendant Cortez for service of process, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendant Cortez. When the Court receives the summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendant Cortez.

**IT IS SO ORDERED**.

Signed: September 9, 2021

Martin Reidinger
Chief United States District Judge