UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00315-MR

| CALVIN JEROME WOMIC, JR., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU CORTEZ, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's letter [Doc. 10], which he has styled as a "MOTION" and which the Court will construe as such.

Plaintiff is currently detained at Gaston County Jail (the "Jail") in Gastonia, North Carolina. On September 9, 2021, Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, survived initial review as to Plaintiff's claim based on the use of excessive force by Defendant FNU Cortez, identified as a Deputy at the Gaston County Sheriff's Office. [Doc. 9]. Plaintiff alleged that while he was subdued on the ground after having an altercation with "multiple Jail staff," Defendant Cortez allowed and encouraged his dog to attack Plaintiff. [Doc. 1 at 5]. The Clerk sent Plaintiff a blank summons to complete and return for use in serving Defendant Cortez. [Doc. 9 at 6-7]. Plaintiff has not returned a completed summons as ordered.

Plaintiff now files a letter, which he calls a "MOTION," in which he states that, on September 13, 2021, Defendant Cortez and his dog came to Plaintiff's cell in the course of Plaintiff obtaining his medication and that the dog "barked & jumped at [him]." [Doc. 10]. Plaintiff states that he feels like he is being "taunted and antagonized" and that he has expressed his fears about being around Defendant Cortez and his dog and "they've failed to take it into consideration & handle it accordingly." [Id.]. Despite styling the document as a motion, Plaintiff does not state what, if any, relief he seeks.

The Court will deny the motion. To the extent Plaintiff seeks a preliminary injunction ordering some certain action by the Jail or by Defendant Cortez, he has not shown that he is entitled to such relief. Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346

(4th Cir. 2009). Plaintiff has not satisfied any of these elements. Moreover, it seems Plaintiff's remedy, if any, lies with the Jail and not with this Court. To that end, the Court will direct that a copy of this Order be mailed to the Sheriff of Gaston County so that he may act as necessary or prudent to resolve Plaintiff's concerns, if appropriate.

Plaintiff is also directed to review the Order of Instructions mailed to him on July 1, 2021 for information regarding how to prosecute his case. [Doc. 3].

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 10] is **DENED** in accordance with the terms of this Order.

The Clerk is respectfully directed to mail a copy of this Order to the Sheriff of Gaston County at 425 Dr. Martin Luther King Jr. Way, Gastonia, North Carolina 28052.

**IT IS SO ORDERED**.

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge