# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-00315-MR

| | |
|---|---|
| CALVIN JEROME WOMIC, JR., ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| FNU CORTEZ, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant Cortez' Motion to Set Aside the Entry of Default and Motion to Extend Time. [Doc. 22].

Plaintiff Calvin Jerome Womic, Jr., ("Plaintiff") filed this lawsuit on July 1, 2021. [Doc. 1]. On September 9, 2021, Plaintiff's Complaint survived initial review as to Plaintiff's claim against Defendant FNU Cortez for violation of Plaintiff's Fourteenth Amendment rights based on the use of excessive force. [Doc. 9]. Defendant Cortez was served by summons on September 29, 2021 and his answer to Plaintiff's Complaint was due on October 10, 2021. [Doc. 13; 11/3/2021 Docket Entry]. On January 25, 2022, after Defendant's failure to answer Plaintiff's Complaint, the Court order Plaintiff to take action to prosecute this case against Defendant. [Doc. 15]. Plaintiff then timely moved for entry of default against Defendant, which the Court

granted on February 8, 2022. [Doc. 16, 17]. The Clerk entered default against Defendant Cortez the same day. [Doc. 18].

Defendant Cortez now moves to have the default lifted and for an extension of time to answer Plaintiff's Complaint. [Doc. 20]. Defendant submits the Declaration of Becky Cauthran in support of his motion to lift the entry of default. [Doc. 20-1: Cauthran Dec.]. In support of his motion, Defendant shows that he was served with the Summons and Complaint on September 29, 2021, and, within a few days, he gave the Summons and Complaint to Becky Cauthran, the Assistant Deputy Chief for the Sheriff of Gaston County, pursuant to policy. [Doc. 21 at 2; Doc. 20-1 at ¶ 4]. Cauthran was then supposed to immediately deliver these documents to the Sheriff's attorney or to the office of the County Attorney. [Doc. 20-1 at ¶ 4]. Due to an oversight on Cauthran's behalf, however, she failed to deliver the Summons and Complaint to legal counsel or notify anyone about them. [Id. at ¶ 5]. At the time of this oversight, the Gaston County Jail was combatting a major Delta-variant COVID-19 outbreak among inmates and jailers. [Id.]. Due to "these high-stressed circumstances," Cauthran "failed to mentally process the next step" and the Summons and Complaint were effectively lost in Cauthran's office. [Id.].

Cauthran learned of her error on the evening of February 15, 2022, when Defendant Cortez gave Cauthran a copy of the Court's Order entering default against him. [Id. at ¶ 6]. On the morning of February 16, 2022, Cauthran contacted attorney Martha Thompson, who was retained to represent Defendant Cortez. [Id.]. Attorney Thompson filed the instant motion on Defendant's behalf later that day. [See Doc. 20]. In the motion and supporting memorandum, Defendant asserts, among other things, that he has a meritorious defense to Plaintiff's claim. [Docs. 20, 21 at 4-5]. That is, Defendant states that "he was responding to a jail incident with force that was reasonable and appropriate at the time." [Doc. 21 at 5]. He also asserts that qualified immunity applies to protect him from liability. [Id.].

Rule 55(c) of the Federal Rules of Civil Procedure authorizes the Court to set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). "Setting aside an entry of default pursuant to Rule 55(c) is a matter which lies largely within the discretion of the trial judge[;] however, Rule 55(c) is to be liberally construed to provide relief from the consequences of default." Miller v. U.S. Dep't of Housing and Urban Dev., No. 1:05CV01045, 2006 WL 2504834, *6 (M.D.N.C. Aug. 29, 2006), aff'd 216 Fed. App'x 367 (4th Cir. 2007). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses

3

be disposed of on their merits." Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). As such, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the fault so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

"When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious dense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex. Rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-5 (4th Cir. 2006).

These factors weigh heavily in favor of setting aside the entry of default in this case. Defendant asserted a meritorious defense, acted with reasonable promptness both when he was served with Summons and Complaint and upon receiving the Clerk's Entry of Default, and was not personally responsible for the failure to timely respond. Moreover, Plaintiff will not be prejudiced by lifting the entry of default and there is no history of dilatory actions. The Court will grant Defendant's motion and lift the entry of default in this matter. The Court will also grant Defendant's motion for additional time to answer or otherwise respond to Plaintiff's Complaint.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Cortez' motion [Doc. 20] is **GRANTED**, the default entered in this matter against Defendant Cortez is hereby **LIFTED**, and Defendant Cortez shall have until March 21, 2022 to answer or otherwise respond to Plaintiff's Complaint.

**IT IS SO ORDERED**.

Signed: February 21, 2022

Martin Reidinger
Chief United States District Judge