UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00315-MR

| | |
|---|---|
| CALVIN JEROME WOMIC, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| FRANCISCO CORTEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on its review of the docket in this matter and on Plaintiff's "Motion to Appeal," [Doc. 58], which the Court construes as a motion to reconsider.

On July 1, 2021, pro se Plaintiff Calvin Jerome Womic, Jr., filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff has filed several notices of change of address in this matter. [Docs. 14, 34, 35, 47, 49]. Most recently, on September 30, 2022, Plaintiff notified the Court of a new residential address in Gastonia, North Carolina. [Doc. 49]. On January 23, 2023, the Court denied Defendant's motion for summary judgment on Plaintiff's individual capacity claim against Defendant and dismissed Plaintiff's official capacity claim. [Doc. 51]. The Court referred the case to the Honorable W. Carleton Metcalf, United States Magistrate Judge, for a

judicial settlement conference. [Doc. 54]. The Clerk mailed a copy of the Court's referral Order to Plaintiff at his address of record. [2/28/2023 Docket Entry (Court Only)]. On March 6, 2023, Magistrate Judge Metcalf entered an Order setting the settlement conference for April 6, 2023, at 9:30 a.m. [Doc. 55]. The Clerk mailed Plaintiff a copy of that Order the next day. [3/7/2023 Docket Entry (Court Only)]. On March 10, 2023, the referral Order was returned to the Court as undeliverable. The envelope stamp noted, "Return to Sender[,] Vacant[,] Unable to Forward." [Doc. 56]. On March 16, 2023, Judge Metcalf's Order setting the judicial settlement conference was returned undeliverable with the same notation as the previous envelope. [Doc. 57]. Thus, it appears that Plaintiff no longer resides at the address of record, and he has not notified the Court of his new address. It also appears that Plaintiff is unaware that a judicial settlement conference has been set in this case for April 6, 2023.

Further complicating matters, Plaintiff has filed a document he captioned a "Motion to Appeal." [Doc. 58]. In this filing, Plaintiff requests an appeal in the instant case. Plaintiff briefly recounts his claim and some underlying facts, stating that he "want[s] justice." [Id. at 1]. It appears, therefore, that Plaintiff misunderstood the Court's ruling on summary judgment. That is, Plaintiff believes that the Court dismissed his claim

against Defendant Cortez.  Because Plaintiff is operating under an misunderstanding of the Court's decision and because any appeal from the Court's summary judgment Order would be interlocutory in any event, the Court will construe Plaintiff's "Motion to Appeal" as a motion to reconsider and deny it.

As to Plaintiff's failure to update his address, Plaintiffs have a general duty to prosecute their cases.  In this regard, a pro se plaintiff must keep the Court apprised of his current address.  See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").  Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

Before dismissing this action for failure to prosecute, the Court will give Plaintiff fourteen (14) days in which to notify the Court of his updated address.

3

Case 3:21-cv-00315-MR   Document 59   Filed 03/20/23   Page 3 of 4

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff has fourteen (14) days from this Order to notify the Court of his new address. Plaintiff's failure to timely notify the Court will result of dismissal of this action without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 58] is **DENIED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: March 18, 2023

Martin Reidinger
Chief United States District Judge